## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER J. REDMOND, Trustee of the Bankrupty Estate of Ashraf Fouad Hassan and Irina Hassan, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>ASHRAF FOUAD HASSAN, et al.,<br><br>          Defendants. | MISC. ACTION<br><br>No. 07-204-KHV |

### ORDER

This matter is before the Court on the Motion of Final Touch, Inc.; Kansas City Limousine, Inc.; Budget Limousine; Al Moser; and Diane Moser To Withdraw The Reference And Restatement Of Demand For Jury Trial (Doc. #1) filed January 24, 2007. Pursuant to D. Kan. R. 83.8.6(f), the Court has reviewed the motion, the trustee's response and the written recommendation of Bankruptcy Judge Dale L. Somers. For reasons stated below, the Court overrules the motion as premature.

Movants assert a right to jury trial under the Seventh Amendment on several claims involved in this bankruptcy proceeding and request that the Court immediately withdraw the adversary case from the Bankruptcy Court. Under 28 U.S.C. § 157(d), the Court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown." D. Kan. R. 83.8.13(a) further provides as follows:

> A district judge shall conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed.

Here, Judge Somers' recommendation concludes that the disputed claims present a mix of

legal claims, subject to jury trial conducted by the Court, and equitable claims which may be tried before the Bankruptcy Court or District Court.  In his response to the motion, the trustee apparently concedes that this proceeding involves legal claims which must eventually be tried to a jury, but asks the Court to defer withdrawal until the entire case is ready for trial.  The Court agrees that deferral is appropriate in this case.

In his well reasoned recommendation, Judge Somers suggests that the case involves several legal claims which establish cause for withdrawing the adversary claim.  The Court need not conclusively distinguish legal from equitable claims at this point, however, because even where the right to a jury trial constitutes cause for withdrawal, the Court "may decline to withdraw the reference until the case is ready for trial."  Disbursing Agent of Murray F. Hardesty Estate v. Severson, 190 B.R. 653, 656 (D. Kan. 1995).  Such an approach streamlines pretrial procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity of the issues and discouraging forum shopping.  Id. at 656-57.  Although movants request immediate withdrawal of the reference, they show no prejudice and do not otherwise suggest that such declination would be improper.

Pretrial matters remain to be addressed and Judge Somers notes that he intends to carry on with those matters until directed otherwise.  Under these circumstances, the Court finds that immediate withdrawal of the reference is not necessary.

**IT IS THEREFORE ORDERED** that the Motion of Final Touch, Inc.; Kansas City Limousine, Inc.; Budget Limousine; Al Moser; and Diane Moser To Withdraw The Reference And Restatement Of Demand For Jury Trial (Doc. #1) filed January 24, 2007 be and hereby is overruled as premature.  Upon completion of pre-trial matters in the Bankruptcy Court, the motion may be

re-filed if issues remain as to which the parties assert a right to trial by jury.

Dated this 28th day of February, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court
